## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

IN RE:

JOSHUA J. ZOLLWEG,

Debtor.

Case # 16-05924-dd

Chapter 7

### OBJECTION TO MOTION OF PRAIRIE SON PROPERTIES, LLC FOR RELIEF FROM STAY

Michelle L. Vieira ("Trustee"), as Chapter 7 Trustee for Joshua J. Zollweg ("Debtor") hereby objects to the Motion of Prairie Son Properties, LLC ("Movant") for Relief from Stay ("Motion"), and in support of her objection, the Trustee would show as follows:

On November 23, 2016 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), and the Trustee was appointed on the Petition Date. On February 15, 2017, the Movant filed the Motion, seeking relief from the automatic stay as to 68 Gilded Street, Bluffton, SC 29910 (the "Property").

The Debtor is a former contractor, and he has been involved in multiple pieces of litigation with the Movant and with several other creditors shown on the bankruptcy schedules. He has a substantial number of creditors, a substantial amount of debt, and it appears that he might have substantial assets.

The Property is owned by Moss Construction of the Lowcountry, LLC ("Moss"), which is a limited liability company owned 100% by the Debtor. It appears that Moss has been used as an alter ego of the Debtor to the detriment of his creditors. It further appears that the Property is recoverable as an asset of the bankruptcy estate and is subject to liens that can be avoided by the Trustee. The Trustee is in the process of obtaining more information regarding the Property and

the liens and is scheduled to conduct an examination of the Debtor pursuant to Fed. R. Bankr. P. 2004 on March 17, 2017.

The Trustee also needs more information regarding the loan and mortgage lien of Movant and use of the loan proceeds.

The relief sought by the Movant will result in the Movant obtaining an unfair advantage over other creditors of the estate and depriving the estate of a significant asset. The Trustee hereby objects to the relief requested by the Movant until she has had an opportunity to further investigate the Property and the liens against the Property. The Trustee reserves the right to raise such other grounds for objection as may become apparent through further investigation, discovery, and testimony.

WHEREFORE, having shown that the relief requested in the Motion should be denied, the Trustee respectfully requests that the Motion be denied and such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED on this the 1st day of March, 2017, at Columbia, South Carolina.

                              BARTON LAW FIRM, P.A.

                              BY:  /s/Barbara George Barton____
                                    Barbara George Barton, #1221
                                    Adam J. Floyd, #10749
                                    Attorneys for the Trustee
                                    1715 Pickens Street
                                    P. O. Box 12046
                                    Columbia, South Carolina 29211-2046
                                    Email:  bbarton@bartonlawsc.com
                                    Tele: (803) 256-6582
                                    Fax: (803) 779-0267

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

IN RE:

JOSHUA J. ZOLLWEG,

Debtor.

Case # 16-05924-dd

Chapter 7

**CERTIFICATION OF FACTS**

In the above-entitled proceeding, in which relief is sought by Prairie Son Properties, LLC ("Movant") from the automatic stay provided by 11 U.S.C. § 362, I do hereby certify to the best of my knowledge the following:

1. Nature of Movant's Interest:   Per the Motion, Movant alleges that it is a secured creditor.  The Trustee has not had an opportunity to fully investigate Movant's claim in this case and cannot confirm whether Movant's claim is properly secured.

2. Brief Description of Security Agreement:  Movant attached some of its purported loan documents to the Motion.  The Trustee has not had an opportunity to thoroughly review Movant's loan documents.

3. Description of Property Encumbered by Stay (including serial number, lot and block number, etc.).  Movant is seeking relief from the automatic stay as to the real property and improvements located at 68 Gilded Street, Bluffton, SC 29910.

4. Basis for Relief (property not necessary for reorganization, debtor has no equity, property not property of the estate, etc.: include applicable subsection of 11 U.S.C. §362. At this time, there is no basis for the relief requested.

5. Prior Adjudication by Other Courts, copy attached (Decree of Foreclosure, Order for Possession, Levy of Execution, etc., if applicable).  The Motion states that this claim has never been adjudicated by any other Court.  The Trustee does not have enough information at this time to determine whether any pending litigation against the Debtor pertains to the claim that is the subject of the Motion.

6. Valuation of Property, copy of Valuation attached (Appraisal, Blue Book, etc.):

| | |
|---|---|
| Fair Market Value: | $565,000 (estimated, based upon current listing price) |
| Liens: | Unknown |
| Net Equity: | Unknown |

    Equity Before Exemption:   Unknown
    Debtor's Exemption (-)   None
    Source/Basis of Value:   Listing Price

7. <u>Amount of Debtor's Estimated Equity.</u>  Unknown.

8. <u>Month and Year in Which First Direct Post-petition Payment Came Due to Movant (if applicable).</u>  N/A

9.

   a)  <u>For Movant/Lienholder (if applicable): List or attach a list of all post-petition payments received directly from Debtor(s), clearly showing date received, amount, and month and year for which each such payment was applied:</u>  N/A

   b)  <u>For Objecting Party (if applicable): List or attach a list of all post-petition payments included in the Movant's list from (a) above which objecting party disputes as having been made.  Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection.</u>  N/A

   10. <u>Month and Year for Which Post-petition Account of Debtor(s) is Due as of the Date of this Motion.</u>  N/A

RESPECTFULLY SUBMITTED on this the 1st day of March, 2017, in Columbia, South Carolina.

/s/Barbara George Barton, Esq.
Barbara George Barton, I.D. #1221
Adam J. Floyd, #10749
BARTON LAW FIRM, P.A.
P. O. Box 12046
Columbia, South Carolina 29211-2046
803.256.6582 Telephone
803.779.0267 Facsimile
bbarton@bartonlawsc.com
Counsel for the Trustee