**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>**JOSHUA J. ZOLLWEG,**<br><br>Debtor. | Case # 16-05924-dd<br><br>Chapter 7 |

**REPLY TO OBJECTION TO TEXT REQUEST NO. 44**

Michelle L. Vieira ("Trustee"), as Chapter 7 Trustee for Joshua J. Zollweg ("Debtor") hereby replies to the Objection of Prairie Son Properties, LLC ("PSP") to the Trustee's Request for a Scheduling Order, and in support of her objection, the Trustee would show as follows:

On November 23, 2016 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), and the Trustee was appointed on the Petition Date. On February 15, 2017, PSP filed a motion for relief from the automatic stay as to 68 Gilded Street, Bluffton, SC 29910 (the "Property").

The Property is owned by Moss Construction of the Lowcountry, LLC ("Moss"), which is a limited liability company owned 100% by the Debtor. It appears that Moss has been used as an alter ego of the Debtor to the detriment of the Debtor's creditors. It further appears that the Property is recoverable as an asset of the bankruptcy estate and is subject to liens that can be avoided by the Trustee. The Trustee is in the process of obtaining more information regarding the Property and the liens and is scheduled to conduct an examination of the Debtor pursuant to Fed. R. Bankr. P. 2004 on March 17, 2017.

In the 362 motion, PSP seeks "an order under 11 U.S.C. § 362(a)(1) confirming that Moss Construction of the Lowcountry, LLC is not subject to the automatic stay." This requested finding

is an attempt to obtain a declaratory judgment that the Debtor and Moss are not the same entity. This request is contrary to the Trustee's position that the Debtor and Moss are legally indistinguishable, an issue which is not properly before the Court in the context of a 362 motion. Any such request must be made via adversary proceeding, as provided by Fed. R. Bankr. P. 7001(9).

The Trustee requires more information regarding the loan and mortgage lien of PSP and use of the loan proceeds. PSP did not record its mortgage simultaneously with the funding of the loan and waited several months after the loan was funded to record the mortgage. Further, PSP has information regarding the use of the funds and how the funds were dispersed. The Trustee also intends to request all correspondence between Moss and PSP or the Debtor and PSP regarding the loan and how the proceeds were used; all information and documents regarding the payments made by the Debtor and/or Moss to PSP; any demands for payment sent by PSP to the Debtor and/or Moss; and any information regarding the Bernson Group, LLC. The Trustee needs this information to determine whether PSP is a valid lienholder against the Property and to fully prosecute her objection to PSP's motion for relief from the automatic stay, should it be allowed to continue.

The relief sought by the Movant will result in a finding that is inconsistent with the Trustee's position and will provide the Movant with an unfair advantage over other creditors of the estate. The Trustee hereby objects to the relief requested by the Movant in that the relief requested should be made pursuant to an adversary proceeding. In the event that the Court allows the 362 motion to move forward as is, the Trustee objects until she has had an opportunity to further investigate the Property and the liens against the Property, and the relief should be postponed until the Trustee has had adequate time to conduct discovery regarding PSP's lien

against the Property. The Trustee believes that a scheduling order setting a 60-day discovery period and a pre-trial conference after the expiration of that discovery period would be sufficient to accommodate the Trustee's need for information.

WHEREFORE, having shown that the Trustee is entitled to a scheduling order regarding PSP's motion for relief from the automatic stay, the Trustee respectfully requests that the Court enter a scheduling order and such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED on this the 6th day of March, 2017, at Columbia, South Carolina.

BARTON LAW FIRM, P.A.

BY:  /s/Barbara George Barton
Barbara George Barton, #1221
Adam J. Floyd, #10749
Attorneys for the Trustee
P. O. Box 12046
Columbia, South Carolina 29211-2046
Email:  bbarton@bartonlawsc.com
Tele: (803) 256-6582
Fax: (803) 779-0267

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | |
| **Joshua J. Zollweg,** | **Case # 16-05924-dd** |
| **Debtor.** | **Chapter 7** |

**CERTIFICATE OF SERVICE VIA CM/ECF**

I, Megan Jankowski, hereby certify that I, on behalf of Barbara George Barton, District Court I.D. #1221, Proposed Counsel for Michelle L. Vieira, Chapter 7 Trustee, served a copy of the **REPLY TO OBJECTION TO TEXT REQUEST NO. 44, filed March 6, 2017**, on the Office of the United States Trustee via electronic filing and electronic transmission through CM/ECF, pursuant to SC LBR 9036-1, and on the parties in interest as shown below, via CM/ECF, on March 6, 2017.

    Kevin Campbell
    PO Box 684
    890 Johnnie Dodds Blvd.
    Mt. Pleasant, SC 29465

    Sean Markham
    Markham Law Firm, LLC
    PO Box 20074
    Charleston, SC 29413

    Jamie Khan
    McCullough Khan, LLC
    359 King St. Suite 200
    Charleston, SC 29401

                            BARTON LAW FIRM, P.A.

                          BY:  /s/Megan Jankowski
                                P. O. Box 12046
                                Columbia, SC  29211-2046
                                (803) 256-6582

March 6, 2017