# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Joshua J. Zollweg, | ) | Case No. 16-05924-dd |
| | ) | |
| Debtor. | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | CHAPTER 7 |
| Moss Construction of the Low Country, LLC, | ) | Case No. 17-04252-dd |
| | ) | |
| Debtor. | ) | |

## MOTION TO SUBSTANTIVELY CONSOLIDATE

Michelle Vieira, Trustee in the captioned cases ("Trustee"), hereby moves to substantively consolidate the cases and, in support of this motion, would show as follows:

Joshua J. Zollweg ("Zollweg") filed for Chapter 7 in November, 2016 and Trustee was appointed as Trustee on November 23, 2016. Zollweg was the sole owner and manager of a company named Moss Construction of the Lowcountry, LLC, ("Moss"), which has as its sole asset a house in Bluffton, SC (the "Property").

Trustee filed an adversary proceeding (17-80036-dd) in the Zollweg bankruptcy alleging, among other things, that Moss is an alter ego of Zollweg. Moss did not respond to the complaint and is in default. Another defendant responded to the Motion for Default Judgment as to the alter ego cause of action and a hearing is scheduled for September 26, 2017.

Recently, the Trustee has become aware of the following facts:

1. The Property is not insured.
2. The Property has not been maintained.
3. The Property has been recently appraised at over $600,000 and has not been listed for sale until very recently, when it was listed for sale at $450,000.
4. The Property has just been rented by Moss and the Trustee has not received an accounting of the rental proceeds.

5. The rental proceeds are not being used to acquire property insurance or to pay the property taxes.
6. The property taxes have not been paid and the property has been noticed for tax sale on October 2, 2017.
7. Because Moss was not in bankruptcy, the Trustee could not insure it.
8. Although there are several purported mortgages on the Property, the mortgagees have refused to advance funds to pay for property insurance or property taxes.

On August 23, 2017, Buck Lumber and Building Supply, Inc. ("Buck") conducted a deposition of Zollweg in which Zollweg made the following admissions regarding the alter ego allegations.

1. He agreed that he checked the box on the filing with the Secretary of State for Moss, in which he indicated that he was personally liable for all of the debts of Moss.
2. He indicated that he had listed all of the creditors of Moss in his personal bankruptcy.
3. Tracking the allegations in the Complaint (17-80036-dd), Zollweg admitted that he had been in complete control of Moss at all times since its creation.
4. He did not capitalize Moss at all when it was created.
5. He agreed that Moss's liabilities substantially exceeded its assets at all times from September 2012 to the Petition Date.
6. He agreed that Moss did not hold member meetings or act through resolutions or other recorded methods.
7. He agreed that Moss has not maintained company records and has never had an operating agreement since its creation in 2007.
8. He agreed that he withdrew funds from Moss or caused Moss to pay the Debtor's obligations whenever he chose to do so and put funds into Moss whenever he chose to do so.
9. He agreed that he siphoned funds from Moss at his discretion, including $25,500 that he removed shortly before he filed bankruptcy and did not disclose on his bankruptcy schedules.
10. He agreed that neither he nor Moss maintained a separate accounting of the funds from the Debtor to Moss or the funds from Moss to the Debtor.
11. He agreed that he is currently subject to criminal charges in Charleston County related to the operations of Moss.
12. Zollweg agreed that the Property was placed in the name of Moss when it was purchased but that he personally provided the funds used to purchase the Property.
13. He agreed that the funds used to build the house on the Property came from him personally.
14. He agreed that he used the Property as a summer home, a weekend getaway and a family vacation home.
15. For much of the time that Moss existed, its office was located at Zollweg's residence.

On August 23, 2017, The Trustee also conducted a Rule 30(b)(6) deposition of Buck and Buck's testimony, supported by documentation, showed that the credit application and guarantee used by Buck for Moss was never executed by Moss and was only executed and guaranteed by Zollweg individually. The credit application shows the office location for Moss as Zollweg's residence and the phone as Zollweg's cell phone. In addition, in consideration for its invoice to Moss, Buck not only placed a mortgage on the Moss Property but also on the Zollweg residence.

On August 28, 2017, Trustee placed Moss into its own Chapter 7 and she was appointed as Trustee. The Trustee has funds which she recovered from Zollweg and which can be used to pay for insurance and property taxes for the Moss Property.

## STATEMENT OF THE LAW

"Substantive consolidation is an equitable remedy, and the Court has broad discretion under 11 U.S.C. §105 to determine whether substantive consolidation is appropriate. *In re Gyro-Trac (USA)*, Inc. 441 B.R. 470, 487 Bankr.D.S.C.2010)(citing *2 Collier on Bankruptcy* §105.09 [d][2](16th ed.2010); *In re Derivium Capital*, LLC, 380 B.R. 407, 426 (Bankr.D.S.C.2006). This Court has previously adopted the test set forth in *In re Augiel Restive Baking Co*. 860 F.2d 515, 518 (2d. Cir.1988) to determine whether to substantively consolidate bankruptcy estates. That test provides that substantive consolidation is appropriate "1)[if] creditors dealt with the entities as a single economic unit and did not rely on separate identities in extending credit or 2) when the affairs of the debtor are so entangled that consolidation will benefit all creditors." *Gyro-Trac*, 441 B.R. at 487 (quoting *In re Derivium Capital, LLC*, 380 B.R. 429, 441-42 (Bankr.D.S.C. 2006))

## ARGUMENT

In this case, the two alternative factors which can be analyzed to justify substantive consolidation are each sufficient to allow such consolidation.

1. Zollweg was the sole owner of Moss, which owned only the Property. Zollweg voluntarily agreed from the Moss creation that he was responsible for all of the Moss debt and he never maintained a separate accounting of his funds from those of Moss. In applying for credit from Buck, Zollweg used his personal address and cell phone number on the credit application and signed personally on the application and guarantee. Even though the credit was extended to Moss, Moss never signed any of the documents.

   When Moss needed further credit, Zollweg pledged his personal residence as collateral for Buck. When Moss needed funding, Zollweg borrowed funds personally and put mortgages on the Moss property.

   Zollweg did not differentiate between his own creditors and those of Moss and put all of the Moss creditors on his individual bankruptcy schedules. Creditors dealt with Moss and Zollweg interchangeably.

2. When Zollweg bought the Property, he used his personal funds to buy it and to build the house but he put it in the name of Moss. He used the Property as a family vacation home, without compensation, even though it was titled to Moss. When he needed money, he took it from Moss, but he never kept an accounting of what he removed or what he put into Moss. He paid his personal bills from Moss on a constant basis but did not keep an accounting of such usage.

   Even after his own bankruptcy was filed, he failed to properly disclose $25,000 that he had removed from Moss and held as a cashier's check at the last minute.

   Funds due to Zollweg from Moss were never tracked and funds due from Moss to Zollweg were never tracked. Creditors with claims against Zollweg were paid by Moss or were given mortgages on Moss assets or vice versa.

   It is apparent that the affairs of the debtor are so entangled that consolidation will benefit all creditors.

WHEREFORE, having shown that each of the alternative elements of the *Derivium Capital* test have been met, the Trustee asks that the cases be substantively consolidated and for such other and further relief as the Court deems appropriate.

                                                                        BARTON BRIMM, PA

BY:   /s/ Barbara George Barton
       Barbara George Barton, #1221
       Christine E. Brimm, #6313
       Attorneys for the Trustee

Dated: August 29, 2017       P. O. Box 2746
       Murrells Inlet, South Carolina 29576
       Tele: (803) 256-6582
       Fax: (803) 779-0267