**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Michelle L. Vieira, as Chapter 7 Trustee for<br>Joshua J. Zollweg | **DEFENDANTS**<br>Buck Lumber and Building Supply, Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Barton Brimm, PA<br>P.O. Box 2746, Murrells Inlet, SC  29576 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>S.C. Code § 27-23-10; 11 U.S.C. § 551; 11 U.S.C. § 548(a)(1)(A); 11 U.S.C. §548(a)(1)(B) - Constructive Fraudulent Transfer, Actual Fraudulent Transfer; Fraudulent Transfer. | |

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
     **(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ TBD |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Joshua J. Zollweg | BANKRUPTCY CASE NO.<br>16-05924-dd |||
| DISTRICT IN WHICH CASE IS PENDING<br>South Carolina | DIVISION OFFICE<br>Charleston || NAME OF JUDGE<br>Duncan |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Barbara George Barton ||||
| DATE<br><br>4/24/18 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Barbara George Barton ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| Joshua J. Zollweg, ) | Case # 16-05924-dd |
| ) | |
| Debtor. ) | |
| ) | |
| Michelle L. Vieira, as Chapter 7 Trustee for ) | |
| Joshua J. Zollweg, ) | |
| ) | Adv. Pro. No. 18-_____-dd |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Buck Lumber and Building Supply, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT**

Plaintiff, Michelle L. Vieira ("Trustee"), as Chapter 7 Trustee for Joshua J. Zollweg ("Debtor"), hereby alleges against the Defendant the following:

**PARTIES**

1. The Trustee is the Chapter 7 Trustee of the Debtor, appointed on November 23, 2016 (the "Petition Date").

2. Defendant Buck Lumber and Building Supply, Inc. ("Buck") is a corporation organized under the laws of the State of South Carolina.

**JURISDICTION**

3. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001.

4. On the Petition Date, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy court

for the District of South Carolina ( the "Bankruptcy court"), Case No. 16-05924-dd (the "Bankruptcy").

5. This Court has jurisdiction pursuant to 28 U.S.C. §§1334 and 157 and Local Civil Rule 83.IX.01 DSC.

6. This is a core proceeding by virtue of 28 U.S.C. §157(b)(2)(A), (E), (F), (H), (K) and/or (O).

7. The Bankruptcy Court has the authority to enter a final order in this matter.

8. The Trustee consents to the Bankruptcy Court entering a final order in this matter.

**BACKGROUND**

9. Debtor organized Moss Construction of the Lowcountry, LLC ("Moss") under the name Zollweg Properties, LLC on March 21, 2007, by filing Articles of Organization with the South Carolina Secretary of State.

10. In 2009, Zollweg Properties, LLC changed its name to Moss Construction of the Lowcountry, LLC.

11. Moss operated as a general contractor and constructed residential dwellings in the Charleston, South Carolina, area until it ceased doing business in May, 2016.

12. Prior to 2014, Moss obtained building materials from Buck pursuant to an unsecured line of credit.

13. In 2014, Buck requested and Moss provided a mortgage to Buck on real estate owned by Moss in Bluffton, SC (the "Bluffton Property").

14. In March, 2016, Buck received $127,000 from a loan made by Prairie Son Properties, LLC ("PSP") to Moss and satisfied its 2014 mortgage on the Bluffton property.

15. In March, 2016, Buck recorded a new mortgage on the Bluffton Property.

16. Also in March, 2016, Buck demanded and received a mortgage (the "Residential Mortgage") on the Debtor's residence in Mt. Pleasant, SC (the "Residence"), which was recorded on March 28, 2016 (the "Transfer"). (A true and correct copy of the Residential Mortgage is attached hereto as "Exhibit A")

17. The Residential Mortgage attempted to secure the line of credit between Buck and Moss.

18. As a result of the Transfer, the Debtor's liabilities exceeded the value of his assets.

19. At the time of the Transfer, the Debtor was unable to pay his bills as they came due.

20. The Debtor did not receive valuable consideration for the Transfer.

21. At the time of the Transfer, a number of creditors were demanding payment from the Debtor and criminal charges were being threatened against the Debtor.

22. Shortly after the Transfer, a number of judgments were recorded against the Debtor's residence.

## EXISTING CREDITORS

23. At the time that the Residential Mortgage was filed, the Debtor was indebted to a number of creditors who remain unpaid as of the Petition Date, including the following, among others:

    a. Charleston Heating & Air, LLC (Claim 2);
    b. KJ Appliances (Claim 3);
    c. Anchor Consulting Engineers, LLC (Claim 5)
    d. Swift Financial Corporation (Claim 7);
    e. Mark and Janet Fish (Claim 8);
    f. Mercer Tile Company, Inc. (Claim 9);
    g. SAFEBuilt, Inc. Carolinas (Claim 10);
    h. Creighton Likes (Claim 11);
    i. IRS (Claim 12);
    j. SC Energy, LLC (Claim 13); and
    k. James F. Hare, Jr. (Claim 16)
       together, the ("Existing Creditors").

## FOR A FIRST CAUSE OF ACTION

24. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

25. The Transfer constitutes a transfer of an interest in the Debtor's property.

26. The Transfer was a voluntary transfer from the Debtor to Buck and was without valuable consideration.

27. At the time of the Transfer, the Debtor was indebted to one or more of the Existing Creditors, who continued to have allowable unsecured claims as of the Petition Date.

28. The Debtor failed to retain sufficient property to pay the indebtedness due to the Existing Creditors.

29. The Transfer constitutes constructive fraud pursuant to S.C. Code § 27-23-10.

30. The Transfer is avoidable by the Trustee pursuant to S.C. Code § 27-23-10 and 11 U.S.C. § 544.

31. The Trustee is entitled to recover the Transfer or the value of the Transfer from Buck pursuant to 11 U.S.C. § 550 and preserve the Transfer for the benefit of the estate pursuant to 11 U.S.C. § 551.

## FOR A SECOND CAUSE OF ACTION

32. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

33. The Transfer constitutes a Transfer of property of the Debtor.

34. The Transfer was made with the intent to delay, hinder or defraud one or more of the Debtor's creditors, as indicated by the following badges of fraud:

    a. The Debtor was insolvent at the time of the Transfer or was rendered insolvent by the Transfer;

    b. The Debtor was indebted to creditors and was unable to pay such creditors in full at the time of the Transfer or as a result of the Transfer;

    c. There was inadequate consideration for the Transfer;

    d. There was at least one action pending against the Debtor at the time of the Transfer and both civil and criminal actions were being threatened;

    e. The Transfer was made to enable the Debtor to keep valuable assets from the reach of his creditors; and/or

    f. Additional badges of fraud.

35. The Transfer was made with actual intent to delay, hinder, or defraud the Debtor's creditors and/or others.

36. At the time of the Transfer, Buck knew or should have known about the Debtor's indebtedness to his creditors.

37. The Debtor's intent to delay, hinder or defraud his creditors and/or others is imputable to Buck.

38. The Transfer constitutes actual fraud pursuant to S.C. Code § 27-23-10.

39. One or more of the Existing Creditors could assert a claim to avoid the Transfer.

40. The Transfer is avoidable by the Trustee under S.C. Code § 27-23-10 and 11 U.S.C. § 544.

41. The Trustee is entitled to recover the value of the Transfer from Buck pursuant to 11 U.S.C. § 550 and preserve the Transfer for the benefit of the estate pursuant to 11 U.S.C. § 551.

## FOR A THIRD CAUSE OF ACTION

42. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

43. The Transfer constitutes a Transfer of an interest in property of the Debtor.

44. The Debtor did not receive reasonably equivalent consideration for the Transfer.

45. The Transfer occurred within two years of the Petition Date.

46. The Debtor was insolvent on the date of the Transfer or became insolvent as a result of the Transfer.

47. The Transfer is avoidable by the Trustee under 11 U.S.C. § 548(a)(1)(B).

48. The Trustee is entitled to recover the Transfer or the value of the Transfer from Buck pursuant to 11 U.S.C. § 550 and preserve the Transfer for the benefit of the estate pursuant to 11 U.S.C. § 551.

## FOR A FOURTH CAUSE OF ACTION

49. The Trustee repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth verbatim herein.

50. The Transfer constitutes a Transfer of an interest in property of the Debtor.

51. The Transfer occurred within two years of the Petition Date.

52. The Transfer was made with actual intent to hinder, delay or defraud the Existing Creditors or the Debtor's future creditors, as indicated by the following badges of fraud:

   a. The Debtor was insolvent at the time of the Transfer or was rendered insolvent by the Transfer;

   b. The Debtor was indebted to creditors and was unable to pay such creditors in full at the time of the Transfer or as a result of the Transfer;

   c. There was inadequate consideration for the Transfer;

   d. There was at least one action pending against the Debtor at the time of the Transfer and both civil and criminal actions were being threatened;

   e. The Transfer was made to enable the Debtor to keep valuable assets from the reach of his creditors; and/or

   f. Additional badges of fraud.

53. The Transfer is avoidable by the Trustee under 11 U.S.C. § 548(a)(1)(A).

54. The Trustee is entitled to recover the Transfer or the value of the Transfer from Buck pursuant to 11 U.S.C. § 550 and preserve the Transfer for the benefit of the estate pursuant to 11 U.S.C. § 551.

WHEREFORE, having shown that the Transfer should be avoided, the Trustee asks for the following relief:

1. An Order avoiding the Transfer pursuant to S.C. Code § 27-23-10 for constructive fraud and preserving the Transfer for the benefit of the estate pursuant to 11 U.S.C. § 551;

2. An Order avoiding the Transfer pursuant to S.C. Code § 27-23-10 for actual fraud and preserving the Transfer for the benefit of the estate pursuant to 11 U.S.C. § 551;

3. An Order avoiding the Transfer pursuant to 11 U.S.C. § 548(a)(1)(B) as a fraudulent transfer and preserving the Transfer for the benefit of the estate pursuant to 11 U.S.C. § 551;

4. An Order avoiding the Transfer pursuant to 11 U.S.C. § 548(a)(1)(A) as a fraudulent transfer and preserving the Transfer for the benefit of the estate pursuant to 11 U.S.C. § 551;

5. Such other and further relief as the Court may deem appropriate.

RESPECTFULLY SUBMITTED on this the 24th day of April, 2018, at Murrells Inlet, South Carolina.

BARTON BRIMM, PA

BY:   /s/Barbara George Barton
Barbara George Barton, #1221
Attorney for the Trustee
P. O. Box 2746
Murrells Inlet, South Carolina 29576
Tele: (803) 256-6582
Fax: (803) 779-0267
e-mail: bbarton@bartonbrimm.com